UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AL JOUKHAY TRADING LLC,

    Plaintiff,

Case No. 2:16-cv-13999

v.

HONORABLE STEPHEN J. MURPHY, III

VANTAGE INTERNATIONAL SHIPPING
INC., and NORFOLK SOUTHERN
CORPORATION.

    Defendants.

                                 /

**OPINION AND ORDER GRANTING DEFENDANT NORFOLK
SOUTHERN'S MOTION TO DISMISS [8], SUMMARILY DISMISSING DEFENDANT
VANTAGE INTERNATIONAL, AND DISMISSING THE CASE WITHOUT PREJUDICE**

Plaintiff Al Joukhay Trading LLC brought a complaint in Wayne County Circuit Court against Defendant Vantage International Shipping, Inc. alleging state-law causes of action related to a contract for the interstate shipment of goods. After Vantage answered, Al Joukhay amended the complaint to add Defendant Norfolk Southern Corporation. Norfolk Southern removed the case to federal court, with Vantage's consent. Norfolk Southern moved to dismiss, and Al Joukhay amended the complaint a second time. Norfolk Southern now moves to dismiss the second amended complaint. Vantage did not join the motion. For the reasons stated below, the Court will grant the motion, and dismiss the case as to both Defendants without prejudice.

**BACKGROUND**

Al Joukhay alleges that it contracted with Defendants to ship perishable goods from Michigan to the country of Jordan. ECF 4 ¶¶ 4, 25. According to Al Joukhay, Vantage picked up shipping containers loaded with Al Joukhay's goods, but Defendants did not complete the delivery because the shipping containers exceeded allowable weight

limitations. *Id.* ¶ 10. Al Joukhay contends that Defendants were on notice that the goods were perishable and time was of the essence but nevertheless failed to inform Al Joukhay of the weight issue. *Id.* ¶¶ 10, 12. Al Joukhay asserts that—by the time Defendants delivered the goods to Jordan—their expiration date had passed. *Id.* ¶¶ 22, 33. As a result of the delay—Al Joukhay argues—the goods spoiled, customs officials destroyed the goods when they arrived at Jordan, and Al Joukhay suffered $236,001.88 in damages. *Id.* ¶¶ 22, 23, 33. After removal to federal court, Norfolk Southern timely filed the present motion to dismiss Al Joukhay's second amended complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must offer more than the "bare assertion of legal conclusions," *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009), or a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 555). Rather, a complaint must contain allegations "sufficient 'to raise a right to relief above the speculative level,'" and "'state a claim to relief that is plausible on its face[.]'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). When evaluating the claims, the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pled factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must grant dismissal. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

Norfolk Southern argues that the complaint must be dismissed because the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706, completely preempts Al Joukhay's state-law claims.

The Carmack Amendment, enacted in 1906, "created a national scheme of carrier liability for loss or damages to goods transported in interstate commerce." *Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015). Shippers benefit from the Amendment because it "restricts carriers' ability to limit their liability for cargo damage," and imposes strict liability on carriers for cargo damage which "relieves shippers of the burden of determining which carrier caused the loss as well as the burden of proving negligence." *Id.* And "[c]arriers in turn acquire reasonable certainty in predicting potential liability because shippers' state and common law claims against a carrier for loss to or damage were preempted." *Id.* Indeed, the Amendment covers "[a]lmost every detail of the subject" of liability between shippers and carriers engaged in interstate transport of goods so "that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *W. D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 422 (6th Cir. 1972). "[T]he Carmack Amendment has completely occupied the field of interstate shipping" and its "preemptive force [is] exceedingly broad." *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 333 (3d Cir. 2014).

"When it applies, the Carmack Amendment 'provide[s] the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier . . . [and] the complete pre-emption doctrine applies.'" *Solectron USA ex rel. Fid. & Deposit Co. of Md. v. Fedex Ground Package Sys., Inc.*, 520 F. Supp. 2d 904,

907–08 (W.D. Tenn. 2007) (quoting *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003)) (emphasis omitted); *see also Am. Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462, 466 (6th Cir. 1970) (affirming dismissal of state-law breach-of-contract and negligence claims because "when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs"); *W. D. Lawson & Co.*, 456 F.2d at 421 (vacating district court order denying motion to dismiss and remanding for dismissal because the "Carmack Amendment preempted common law suits"); *Certain Underwriters*, 762 F.3d at 333 ("[T]he Carmack Amendment preempts all state law claims for compensation for the loss of or damage to goods shipped by a ground carrier in interstate commerce.").

Here, Al Joukhay brought a suit for damages arising from the interstate transportation of goods from Michigan to the country of Jordan. Al Joukhay's second amended complaint alleges only state and common-law causes of action—breach of contract, breach of warranty, fraud, negligence, and bailment—which are completely preempted by the Carmack Amendment. Since Al Joukhay's second amended complaint fails to state a claim on which relief may be granted, the Court must grant Defendant Norfolk Southern's motion to dismiss.

Al Joukhay contends that the Carmack Amendment does not apply because the "shipping containers never left the state of Michigan" and therefore never traveled in interstate commerce. ECF 9, PgID 137. But Al Joukhay's assertion is contradicted by their second amended complaint: "Once the Defendants Vantage Int'l Shipping Inc., and Norfolk Southern Corporation finally delivered the crate to Aqaba, Jordan, the authorities ordered

4

the entire product to be destroyed," and "[w]hen Defendants Vantage Int'l Shipping Inc., and Norfolk Southern Corporation did ship, it was shipped months later than expected, beyond the date by agreement." ECF 4 ¶¶ 22, 33. So whether or not the shipping container made its way to Jordan, Al Joukhay has alleged that the Defendants transported the goods in interstate commerce. Therefore, the Carmack Amendment applies.

One issue remains. Although Vantage did not join the motion to dismiss, the claims stated against Vantage are the same as those lodged against Norfolk Southern. And "since [Al Joukhay's second amended] complaint fails to state a claim upon which relief can be granted, and because the claims stated against [Vantage] are the same as those lodged against" Norfolk Southern, the claims against Vantage should be dismissed for the same reasons, "despite the fact that [Vantage] did not join in the motion." *Suzor v. Green Tree Servicing, LLC*, No. 14-11167, 2014 WL 2931821, at *7 (E.D. Mich. June 27, 2014) (adopting report and recommendation). "Where a complaint plainly fails to state a claim for relief, a district court has no discretion but to dismiss it." *Id.* (quoting *Eriline Co., S.A. v. Johnson*, 440 F.3d 648, 655, n.10 (4th Cir. 2006)); *see also Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss sua sponte some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."). Accordingly, the Court will dismiss the second amended complaint without prejudice as to both Defendants.

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that Norfolk Southern's Motion to Dismiss [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims in the Second Amended Complaint [4] are summarily **DISMISSED** as to Vantage International.

**IT IS FURTHER ORDERED** that Al Joukhay's Second Amended Complaint [4] is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: April 18, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2017, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager
